UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

CIVIL ACTION NO. 6:14-cv-191-KKC-EBA

SHANE JEFFERSON BEGLEY,                                                      PLAINTIFF,

v.                              **MAGISTRATE JUDGE'S**
                                **REPORT AND RECOMMENDATION**

DENVER TYREE, et al.,                                                        DEFENDANTS.

Plaintiff Shane Jefferson Begley has filed a pro se amended complaint asserting claims under 42 U.S.C. § 1983, alleging civil rights violations against multiple Defendants employed at the Laurel County Correctional Center. [R. 39]. This matter has been referred to the undersigned to conduct all further proceedings, including preparing proposed findings of fact and recommendations on any dispositive motions. [R. 18]. Where Plaintiff asserts claims against government officials, the Court must conduct a preliminary review of his complaint pursuant to 28 U.S.C. §§ 1915(e) and 1915A. Any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief must be dismissed. Id.; see also Gunther v. Castineta, 561 F. App'x 497, 498 (6th Cir. 2014); Grinter v. Knight, 532 F.3d 567, 571 (6th Cir. 2008).

Having reviewed the amended complaint, [R. 39], the Court recommends Custody Officer Timmy Wampler and Nurse Ragan Laughran remain as named Defendants due to their alleged involvement in either the forceful restraint or subsequent medical treatment of Plaintiff following his altercation with another inmate. However, the Court recommends all claims against Custody Officer Chase Hamblin, nurse Regina Long, and nurse Azul Shelton be dismissed, where Plaintiff has failed to adequately state a claim against them. Plaintiff's amended complaint states that "Officers Wampler, Hamblin and Sergeant Tyree responded to a distress call" regarding an altercation between Plaintiff and

1

fellow inmate Thomas Lawson, and "Officer Wampler and Sergeant Tyree ran to the Plaintiff for the purpose of securing him while Officer Hamblin responded to inmate Lawson and handcuffed him." [Id. at 4]. The complaint adds, "Wampler and Sergeant Tyree grabbed the Plaintiff from behind and pushed him, face forward, into the cement floor beneath him." [Id.]. Based on these allegations, the Court concludes Plaintiff sufficiently alleges an excessive force claim against Custody Officer Timmy Wampler for his alleged involvement in restraining Plaintiff. However, Officer Hamblin is only briefly mentioned within the specific context of his restraining the other inmate, but because he was not personally involved in the restraint of Plaintiff himself, the Court finds Officer Hamblin was not involved in any alleged deprivation of Plaintiff's constitutional rights. The Court recommends all claims against Custody Officer Chase Hamblin be dismissed.

The amended complaint then states that, following the altercation and restraint of the inmates, nurse Regina Long "observed [Plaintiff's] injuries and allowed Officer Wampler to treat the Plaintiff's injuries," before telephoning another nurse to request that she come in to provide stitches to Plaintiff's split lip. [R. 39 at 4–5]. As this is the only mention of nurse Long anywhere in the amended complaint, the Court concludes she was also not involved in the alleged deprivation of Plaintiff's rights, and recommends all claims against nurse Regina Long be dismissed. Where nurse Azul Shelton is named as a Defendant but is never once mentioned in the complaint's factual allegations, the Court further recommends all claims against nurse Shelton be dismissed. However, where the complaint alleges that nurse Ragan Laughran "refused to take x-rays of the injuries or provide any other treatment for these injuries," the Court finds Plaintiff sufficiently states a cause of action against nurse Laughran, and recommends nurse Laughran remain as a named Defendant in this action.

Finally, Plaintiff's Amended Complaint also names Lieutenant Rodney Gay as a Defendant, though this Court previously issued an Order [R. 4] dismissing all claims against Lt. Gay in the original complaint, finding he "was not himself involved in the use of force" or "otherwise personally involved in the deprivation of [Plaintiff's] constitutional rights." [R. 4 at 3–4]. However, upon review of Plaintiff's

amended complaint, which states "Lt. Gay refused to allow the Plaintiff in the pursuit of any further medical treatment or to investigate the excessiveness of the use of force he had sustained," [R. 39 at 5], the Court finds Plaintiff has now sufficiently stated a claim against Lt. Gay based on the new details regarding his alleged denial of Plaintiff's medical treatment. For this reason, the Court recommends Lt. Gay remain as a named Defendant in this action.

Because the Court has granted Plaintiff's motion to proceed *in forma pauperis*, [R. 4], permitting him to pay his filing fee in installments, the London Clerk's Office will issue and the United States Marshals Service ("USMS") will serve the summons and complaint on his behalf. Fed. R. Civ. P. 4(c)(3); 28 U.S.C. § 1915(d).

For the above reasons, it is ORDERED that:

(1) A Deputy Clerk in the London Clerk's Office prepare a "Service Packet" for Lieutenant Rodney Gay, Custody Officer Timmy Wampler, and nurse Ragan Laughran. Each Service Packet shall include:

- a. a completed summons form;
- b. the amended complaint [R. 39];
- c. this Order; and
- d. a completed USM Form 285;

(2) The London Deputy Clerk send the Service Packets to the USMS in Lexington, Kentucky, and shall note the date of delivery in the docket;

(3) The USMS personally serve a Service Packet upon Lieutenant Rodney Gay, Custody Officer Timmy Wampler, and nurse Ragan Laughran at the Laurel County Detention Center, 206 West 4th Street, London, Kentucky, 40741. No service of process is necessary for Deputy Jailer Sergeant Denver Tyree, Jailer Jamie Mosely, and Laurel County, Kentucky, where these Defendants have all been served and have retained counsel.

FURTHERMORE, IT IS RECOMMENDED that the Plaintiff's claims against Custody Officer Chase

Hamblin, nurse Regina Long, and nurse Azul Shelton be dismissed, where Plaintiff has failed to adequately state a claim against them. Specific objections to this Report and Recommendation must be filed within fourteen (14) days from the date of service thereof or further appeal is waived. <u>United States v. Campbell</u>, 261 F.3d 628, 632 (6th Cir. 2001); <u>Bituminous Cas. Corp. v. Combs Contracting Inc.</u>, 236 F. Supp. 2d 737, 749-750 (E.D. Ky. 2002). General objections or objections that require a judge's interpretation are insufficient to preserve the right to appeal. <u>Cowherd v. Million</u>, 380 F.3d 909, 912 (6th Cir. 2004); <u>Miller v. Currie</u>, 50 F.3d 373, 380 (6th Cir. 1995). A party may file a response to another party's objections within fourteen (14) days after being served with a copy thereof. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b).

Signed March 9, 2016.



Signed By:
<u>Edward B. Atkins</u>    EBA
United States Magistrate Judge