UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

CIVIL ACTION NO. 6:14-cv-191-KKC-EBA

SHANE JEFFERSON BEGLEY,                                                      PLAINTIFF,

v.          **MAGISTRATE JUDGE'S
            REPORT AND RECOMMENDATION**

DENVER TYREE, et al.,                                                        DEFENDANTS.

\*\*\* \*\*\* \*\*\* \*\*\* \*\*\*

## INTRODUCTION

On September 8, 2014, Shane Jefferson Begley filed a *pro se* 42 U.S.C. § 1983 action against several Laurel County Detention Center ("LCDC") individuals, alleging his constitutional rights were violated while a pretrial detainee at LCDC, when these individuals used excessive force to restrain him following his altercation with another inmate and denied him appropriate dental care for the injuries he incurred. [R. 1]. Pursuant to the Court's Order, [R. 18], this matter has been referred to the undersigned to conduct all further proceedings, including preparing proposed findings of fact and recommendations on any dispositive motions.

This matter is now before the undersigned on Defendants Timothy Wampler, Rodney Gay, and Reagan Loughran' Motions to Dismiss for Failure to State a Claim. [Rs. 50, 52, 65]. For reasons set forth below, the undersigned RECOMMENDS that Defendants Wampler, Gay, and Loughran's Motions to Dismiss be GRANTED.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

While a pretrial detainee, Begley was involved in an altercation with another LCDC inmate on September 17, 2013. [R. 46-1 at 2]. LCDC officers Denver Tyree and Timothy Wampler responded to the disturbance, and restrained both inmates to restore order. During the

1

restraint, Plaintiff was taken to the ground by Tyree and Wampler, and his tooth was injured, allegedly upon contact with the floor.[1] Immediately following the injury, nursing staff was called to evaluate Plaintiff's condition, and Nurse Loughran was called to LCDC to provide stitches to his lip. [R. 39 at 5]. The next morning, Lieutenant Rodney Gay visited Begley in his holding cell to interview him about the incident; Plaintiff complained that intervening officers used excessive force and the subsequent medical treatment provided was inadequate, but Gay allegedly informed Begley that "his Officers did exactly what they were supposed to do based upon their training and jail policy." [Id.]. Over the next couple weeks, Plaintiff filed numerous grievances requesting dental treatment, until Jailer Jamie Mosley visited Begley on or about October 15, 2013, [R. 39 at 6], and arranged for his visit to a nearby dentist. Plaintiff received treatment from a local dentist outside the LCDC facility on or about October 22, 2013, and his tooth was surgically removed. [Id. at 6–7]; [R. 1 at 2].

On September 8, 2014, Plaintiff filed a *pro se* complaint, naming five LCDC defendants: (1) Sgt. Denver Tyree; (2) Lt. Rodney Gay; (3) Deputy Jailer Jamie Mosley; (4) Deputy U.S. Marshal Tom Clay; and (5) Laurel County, Kentucky. See generally [R. 1]. The complaint raised constitutional claims of "cruel and unusual punishment" and "excessive use of force" against the Defendants, [R. 1 at 4], specifically alleging that Sgt. Tyree's use of excessive force caused his tooth to break upon impact with the floor, and alleging that Deputy Mosley denied him dental care for eighteen days following the injury. [Id. at 2–3]. Even though the fight occurred in September of 2013, and Plaintiff originally filed his complaint in September of 2014, no claims were brought against Wampler or Loughran until February 29, 2016, when Plaintiff

---

[1] Defendants Denver Tyree, Jamie Mosley, and Laurel County's memorandum in support of summary judgment offers the counterargument that Begley "was involved in a fist fight which resulted in him being punched in the face by another inmate several times," and "has produced no evidence or expert testimony to establish that his injuries were caused by the Defendants as opposed to closed-fist punches to the face." [R. 46-1 at 13].

first moved to amend his complaint almost a year and a half later, on the day before the Court's amendment deadline. [R. 37]. Where his motion was within the Court's March 1, 2016 deadline to join parties or amend pleadings, the motion was granted. [R. 38].

On March 1, 2016, Plaintiff filed the Amended Complaint, [R. 39], adding Officer Timmy Wampler and Nurse Reagan Loughran as new Defendants. The Amended Complaint alleges that Wampler (along with Denver Tyree) grabbed Begley from behind and "pushed him, face forward, into the cement floor beneath him." [R. 39 at 4]. The amended complaint alleges Nurse Loughran "was told of the injuries to Plaintiff's tooth but refused to take x-rays of the injuries or provide any other treatment for these injuries." [R. 39 at 5]. The amended complaint also re-adds Lt. Gay to the suit, alleging he "refused to allow the Plaintiff in the pursuit of any further medical treatment or to investigate the excessiveness of the use of force he had sustained." [R. 39 at 5].

Following Plaintiff's amended complaint, Wampler and Gay filed separate motions to dismiss on March 22, 2016, each asserting statute of limitations and qualified immunity defenses. [Rs. 50, 52]. On April 28, 2016, Loughran also filed a motion to dismiss, [R. 65], similarly raising the statute of limitations defense, and adding that the claims against her do not "relate back" under Fed. R. Civ. P. 15(c):

> Plaintiff's entire *pro se* Complaint makes absolutely no allegations against Nurse Practitioner Loughran, nor is she named as a Defendant in Plaintiff's original Complaint. Nothing in Plaintiff's *pro se* Complaint would, or should, give Nurse Practitioner Loughran notice of an action against her. Thus, it is impossible for Plaintiff to show that Nurse Practitioner Loughran knew or should have known that action would have been brought against her but for a mistake concerning her identity. Nurse Practitioner Loughran was not, and could not have been, aware of any allegations against her until she received the summons following entry of the March 9, 2016 Amended Complaint.

[R. 65-1 at 3–5].

In turn, Plaintiff filed responses to each of the three Defendants' 12(b)(6) motions. See [Rs. 61-1, 61-2, 61-3]. In response to Wampler's motion to dismiss, Begley argues that the "one year statute of limitations began to toll . . . when [Wampler's] true identity was discovered in February 2016," [R. 61-2 at 3], stressing that "the name(s) of the offending Officers and LCDC personnel were hidden from the Plaintiff until recently, including that of Timmy Wampler." [Id.]. In response to Loughran's motion to dismiss, Begley similarly argues he was unable to ascertain her true identity until he conducted discovery, [R. 61-1 at 12]. Finally, in response to Gay's motion to dismiss, Begley argues that "the addition of Rodney Gay to this Suit does not violate the statute of limitations," where "[i]t was only by reason that [Begley] did not propose a properly structured and articulated Motion that Rodney Gay was not included in the . . . original timely filing." [R. 61-3 at 3].

## ANALYSIS

Where Begley was a pretrial detainee at the time of the incident, his constitutional claims arise under the Fourteenth Amendment's Due Process Clause, which grants rights analogous to the Eighth Amendment rights of prisoners. See Cf. Garretson v. City of Madison Heights, 407 F.3d 789, 795–96 (6th Cir. 2005). For reasons set forth below, Begley has failed to state claims for relief against Wampler, Gay, and Loughran.

Fed. R. Civ. P. 12(b)(6) motions to dismiss should be granted when a plaintiff can prove no set of facts that would entitle him or her to relief. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1965, 167 L. Ed. 2d 929 (2007); New England Health Care Employees Pension Fund v. Ernst & Young, 336 F.3d 495, 501 (6th Cir. 2003). When considering a motion to dismiss, a court must assume the truth of the facts alleged in the complaint, and draw all

4

reasonable inferences in favor of the complaint. Sanderson v. HCA-The Healthcare Co., 447 F.3d 873 (6th Cir. 2006).

Claims under 42 U.S.C. § 1983 are subject to the same statutes of limitations which apply to personal injury actions in the state in which the federal court hearing the § 1983 claim sits. Crowe v. Winchester Police Dept., 238 F.3d 420 (6th Cir. 2000) (unpublished); Collard v. Ky. Bd. of Nursing, 896 F.2d 179 (6th Cir. 1990). In Kentucky, the statute of limitations for personal injury actions is one (1) year from the date on which the cause of action accrued. KRS. 413.140(1)(a); Collard, *supra*. Therefore, a plaintiff bringing a § 1983 claim in Kentucky federal court must bring his claims within one year from the date the injury or cause of action accrued.

In short, the question now before the Court is whether the amended complaint relates back to the date of filing of the original complaint, or, whether it is untimely and barred by the statute of limitations. Under Fed. R. Civ. P. 15(c), claims raised after the one-year cutoff may still "relate back" to the date of the original complaint. Put another way, Rule 15(c) allows an otherwise late or expired claim to proceed – but only if a number of requirements are met, discussed further below – in order to avoid surprise and prejudice by ensuring the defendant received ample notice prior to having to defend against the suit. Under Rule 15(c)(1)(C)[2], a plaintiff's "First Amended Complaint relates back to the original Complaint if three requirements are satisfied: (1) the claims [raised in the amended complaint] arose out of the same conduct, transaction, or occurrence set forth in the original pleading; (2) the Defendants to be added received such notice of the claim's filing or institution of the suit within 120 days of the filing of the original complaint [] that they would not be prejudiced in defending the suit; and (3) within

---

[2] "While the relevant [Kentucky] state law . . . provides the statute of limitations for [] the § 1983 claims . . . Fed. R. Civ. P. 15(c) provides the procedure for relation back." DeLong v. Arms, 251 F.R.D. 253, 256 (E.D. Ky. 2008).

120 days of the filing of the original pleading, the added Defendants knew or should have known that the action would have been brought against them but for Plaintiffs' mistake concerning the identity of the proper party.  Bradford v. Bracken Cty., 767 F. Supp. 2d 740, 748 (E.D. Ky. 2011); see also Black–Hosang v. Ohio Dep't of Pub. Safety, 96 Fed. Appx. 372, 374–75 (6th Cir. 2004).  All three requirements must be satisfied, meaning where one requirement proves to be absent, courts need not analyze the other two before denying a claim's relation back under Rule 15.  See, e.g., Bradford, 767 F. Supp. 2d at 749 ("Because the third element (mistake) is dispositive in this case, discovery on the second element (notice) is not necessary.").

Under the governing standard set forth by Rule 15(c)(1)(C), all claims against newly-added defendants Wampler and Loughran, and the newly-asserted deliberate indifference claims against Lt. Gay, do not "relate back" and must be dismissed.  To illustrate, Plaintiff filed his complaint on September 8, 2014, just within the one-year statutory period which began on September 17, 2013, when the cause of action accrued.  The complaint original named Rodney Gay (as well as Denver Tyree, Jamie Mosley, Tom Clay, and Laurel County, Kentucky) as Defendants.  [R. 1].  The only claims asserted against Lt. Gay in the original complaint were: "Lt. Gay Arrived in the early morning hours to do an investigation and file reports . . . after viewing security video and questioning Begley, Lt. Gay advised Begley that his officer had acted in accordance with jail policy."  [R. 1 at 3].  Gay is not mentioned again in the original complaint, which generally asserts "Cruel and Unusual Punishment" and "Excessive Use of Force" claims against the Defendants.  [Id. at 4].  It does not assert claims of deliberate indifference against Gay, although the District Court did liberally construe the complaint as to assert a deliberate indifference claim against Defendant Jamie Mosley.  See [R. 4 at 2–3].

6

On September 11, 2014, Lt. Gay was dismissed in both his individual and official capacity, as the District Court found he was "not himself involved in the use of force, and Begley makes no allegation that Lt. Gay was otherwise personally involved in the deprivation of his constitutional rights, and the claims against him must therefore be dismissed." [R. 4 at 3], citing Cf. Copeland v. Machulis, 57 F.3d 476, 481 (6th Cir. 1995).

More than a year later, Plaintiff filed his Amended Complaint on March 1, 2016, well after the statutory period expired in September 2014. [R. 39]. The Amended Complaint added a number of new Defendants, including Timmy Wampler and Reagan Loughran. Following the amended complaint, the Court issued a Report and Recommendation on March 9, 2016, [R. 40], finding Plaintiff had sufficiently stated a claim against Lt. Gay based on the new allegations regarding his alleged denial of Plaintiff's medical treatment to allow his being re-added to the suit.

However, finding all claims in the amended complaint against Defendants Gay, Wampler, and Loughran are untimely, they must be dismissed where they do not relate back. To explain, Begley's amended complaint asserts an excessive force claim against Wampler, a deliberate indifference claim against Loughran, and a deliberate indifference claim against Gay. Where these claims did arise out of the same conduct, transaction, or occurrence set forth in the original pleading, the first element is satisfied. See Bradford, 767 F. Supp. 2d at 748. However, the second and third elements − notice within 120 days of original complaint, and knowledge of mistake as to identity within 120 days − are both entirely absent, and no evidence has been presented to support them. Wampler and Loughran were named as Defendants for the first time in March of 2016, but Plaintiff provides no evidence to indicate they either received notice of the claims against them, or ever had any knowledge as to another party's mistaken identity (the other

7

requirement for which Plaintiff provides no evidence), within 120 days of the original complaint's being filed in September of 2014.

If anything, Plaintiff's responses only reinforce the fact that relation back is not available. In response to Wampler's 12(b)(6) motion, Begley argues the "one year statute of limitations began to toll . . . when [Wampler's] true identity was discovered," [R. 61-2 at 3], alleging the names of the offending officers and LCDC personnel were hidden from him until recently, including the identity of Timmy Wampler. [Id.]. However, the Sixth Circuit has established that "an absence of knowledge is not a mistake, as required by Rule 15(c)(1)(C)(ii)." Brown v. Cuyahoga Cty., Ohio, 517 F. App'x 431, 433–34 (6th Cir. 2013).[3] Similarly, in response to Loughran's motion to dismiss, Begley argues he was unable to ascertain her true identity until he conducted discovery. [R. 61-1 at 12]. Again, the absence of knowledge is not a mistake, as required by Rule 15(c)(1)(C)(ii) for relation back purposes. Brown, 517 F. App'x at 433–34. Where lack of knowledge does not constitute the "mistake" required for relation back, and where Plaintiff offers no evidence to otherwise satisfy either the mistake or notice requirements, see Bradford, 767 F. Supp. 2d at 748 Wampler and Loughran should be dismissed from the suit.

As for Lt. Gay, although he was at one point dismissed and then later re-added in the amended complaint, Plaintiff provides no evidence that Gay received notice of the deliberate indifference claim – an entirely new claim brought against him, given that the original complaint only alleged that Gay "advised Begley that his officer had acted in accordance with jail policy," [R. 1 at 3] – within 120 days of the original complaint. Plaintiff also makes no argument as to the "mistake" requirement. Rather, Begley responds that "the addition of Rodney Gay to this Suit does not violate the statute of limitations," where "[i]t was only by reason that [Begley] did

---

[3] In Brown, the inmate similarly argued that officials wrongfully denied him access to jail records before the limitations period expired, but the Sixth Circuit Court of Appeals denied the contention that any pre-suit failure to disclose information somehow changed the relation-back rule's strict application. Brown, 517 F. App'x at 433–34.

not propose a properly structured and articulated Motion that Rodney Gay was not included in the . . . original timely filing." [R. 61-3 at 3]. This response is somewhat perplexing, where Lt. Gay *was* named in the original complaint, before being dismissed by the District Court and then re-added; nevertheless, this argument provides no support for either the notice or mistake requirements for Begley's deliberate indifference claim against Lt. Gay to properly relate back under Rule 15.

Where the original complaint makes no deliberate indifference claim against Gay, and there is no evidence as to the notice or mistake requirements, the requirements for relation back have not been met. In short, all claims asserted in the amended complaint against Defendants Wampler, Gay, and Loughran are untimely, none relate back, and all should be dismissed.

## RECOMMENDATION

Assuming all allegations in the amended complaint are true and construing all facts in a light most beneficial to him, Plaintiff has failed to overcome Defendants' motions to dismiss and for summary judgment. Having considered the matter fully, and being otherwise sufficiently advised,

IT IS HEREIN RECOMMENDED that Defendants Timothy Wampler, Rodney Gay, and Reagan Loughran's Motions to Dismiss [Rs. 50, 52, 65] be GRANTED.

Specific objections to this Report and Recommendation must be filed within fourteen (14) days from the date of service thereof or further appeal is waived. United States v. Campbell, 261 F.3d 628, 632 (6th Cir. 2001); Bituminous Cas. Corp. v. Combs Contracting Inc., 236 F. Supp. 2d 737, 749–50 (E.D. Ky. 2002). General objections or objections that require a judge's interpretation are insufficient to preserve the right to appeal. Cowherd v. Million, 380 F.3d 909, 912 (6th Cir. 2004); Miller v. Currie, 50 F.3d 373, 380 (6th Cir. 1995). A party may

9

file a response to another party's objections within fourteen (14) days after being served with a copy thereof.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b).

    Signed August 8, 2016.

Signed By:
*Edward B. Atkins*   *EBA*
United States Magistrate Judge