UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION AT LONDON

| | |
|---|---|
| SHANE JEFFERSON BEGLEY,<br><br>    Plaintiff,<br><br>v.<br><br>DENVER TYREE, ET AL.,<br><br>    Defendants. | CIVIL ACTION NO. 6:14-191-KKC<br><br><br>**OPINION AND ORDER** |

This matter is before the Court on several recommendations (DE 40, 90, 96) by the magistrate judge to dismiss the claims asserted by the plaintiff Shane Jefferson Begley. For the following reasons, the Court agrees with the magistrate judge's recommendations and will dismiss all of Begley's claims.

I.   Background

The facts of this matter are set forth in detail in the magistrate judge's recommendations. To summarize, while Begley was confined at the Laurel County Detention Center ("LCDC") as a pretrial detainee, he was involved in an altercation with another inmate. Begley alleges that certain jail personnel used excessive force in stopping the altercation by slamming him to the floor, which resulted in him suffering a busted lip and a broken tooth. He further alleges that, after the altercation, jail personnel and medical providers employed by the jail were deliberately indifferent to his medical needs.

In his amended complaint, Begley asserts claims against 10 defendants. Five of the named defendants are LCDC law enforcement personnel:  Sergeant Denver Tyree,

Lieutenant Rodney Gay, Jailer Jamie Mosley[1], and Custody Officers Chase Hamblin and Timmy Wampler.

Three of the defendants are nurses who provide medical care at the jail: Reagan Loughran[2], Regina Long, and Azul Shelton. The two remaining defendants are Laurel County Judge Executive David Westerfield and Laurel County, Kentucky.

## II. Analysis

### A. September 14, 2016 recommendation (DE 96)

In a recommendation filed on September 14, 2016 (DE 96), the magistrate judge found that no genuine issue of material fact exists as to whether the officers used excessive force in restraining Begley. The magistrate judge made this finding after reviewing a DVD recording of the incident. While the initial DVD that the defendants provided to the Court was not viewable (*See* DE 72), the defendants submitted another copy that the magistrate was able to view. (DE 75). Begley was also able to view the DVD and submitted a second response to the motion for summary judgment referring to it. (DE 76). He complained in his second response that the DVD is only about a minute and a half of footage. Nevertheless, the DVD captures all of the relevant actions by the officers, from their entrance to the cell to their handcuffing of Begley when he is face down on the ground.

This Court has also viewed the DVD and agrees with the magistrate judge's determination that no reasonable juror could find that any jail personnel used excessive force in stopping the altercation between the inmates or in restraining Begley.

---

[1] The plaintiff identifies this defendant as Jamie Mosely in the amended complaint. The defendant identifies himself as Jamie Mosley in the motion for summary judgment (DE 46) and the Court uses this spelling throughout this opinion.

[2] The plaintiff identifies this defendant as Ragan Laughran in the amended complaint. The defendant identifies herself as Reagan Loughran in the motion to dismiss (DE 65) and the Court uses this spelling throughout this opinion.

2

In the September 14, 2016 recommendation, the magistrate judge also recommended that Begley's deliberate indifference claim be dismissed against Jailer Mosley because there is no dispute that Begley did receive medical treatment for the busted lip and broken tooth multiple times after the altercation. Begley does not dispute that he received medical treatment for his lip immediately after the incident and then, about a month later, received additional medical treatment for his tooth by a local dentist on two different occasions. No reasonable juror could find that this constitutes deliberate indifference to the busted lip or broken tooth. Further, as to Jailer Mosley in particular, the amended complaint alleges that, after the jailer came to speak to Begley, the jailer instructed a nurse to make an appointment with a dentist and told the plaintiff that the jail would pay for the treatment. In his response to the motion for summary judgment, Begley alleged that, after the jailer met with him, "he took action to make sure the Plaintiff finally received the proper medical treatment that was due to him." (DE 61, Response at 22.) The magistrate judge correctly determined that these allegations cannot support a deliberate-indifference claim against Jailer Mosley.

Accordingly, the magistrate judge recommended that the claims against Sgt. Tyree and Jailer Mosley be dismissed.

In the recommendation, the magistrate judge also recommended that the claims against Laurel County be dismissed because Begley had made no showing that any county policy or custom caused any constitutional violation. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978). The magistrate judge also recommended that the claim against Laurel County Judge Executive David Westerfield be dismissed because the amended complaint does not actually assert any claim against Westerfield.

Begley has filed no objections to the September 14, 2016 recommendation. The Court agrees with the recommendation and adopts it as the Court's opinion. Accordingly, the Court

3

will dismiss all claims against Sgt. Tyree, Jailer Mosley, Judge Executive Westerfield, and Laurel County.

Further, because the DVD establishes that jail personnel did not use excessive force during the incident and because, even under Begley's version of events, he cannot establish that any of the defendants were deliberately indifferent to his busted lip and broken tooth, all claims against all defendants should be dismissed for these reasons alone. The Court will also review, however, the magistrate judge's two prior recommendations, in which he recommends that the claims against certain defendants should be dismissed on alternate grounds.

**B)     March 9, 2016 Recommendation (DE 40)**

In a March 9, 2016 recommendation (DE 4), the magistrate judge recommended that the Court dismiss the claims against Custody Officer Hamblin because Begley had only alleged that Hamblin restrained the other inmate involved in the altercation but had not alleged that Hamblin took any action with regard to Begley.

In his objections to the recommendation, Begley makes additional allegations against Hamblin that are not contained in the amended complaint. He asserts that Hamblin failed to report the altercation to Lt. Gay, who was Hamblin's immediate supervisor.  This claim fails because, as discussed, the jail personnel did not use excessive force to restrain Begley. Accordingly, there was no unconstitutional action for Officer Hamblin to report.

Moreover, Begley cites no authority for the proposition that there is a constitutional duty to report the use of excessive force and the Court has not located any such authority. *See Franklin v. City of Kansas City*, 959 F.Supp. 1380, 1384 (D.Kan.1997) (finding no authority to support proposition that an officer is required to report a fellow officer's alleged use of excessive force); *Woodland v. City of Vicksburg*, No. CIVA 505CV85DCBJCS, 2006 WL 3375256, at *2 (S.D. Miss. 2006) ("As a general rule, the failure of a police officer to report another officer's use of excessive force does not rise to the level of an actionable constitutional

4

wrong."); *Payton v. DuBroc*, No. 1:05CV2092, 2006 WL 2925387, at *3 (W.D. La. Sept. 6, 2006) (finding that a claim for failure to report alleged excessive force by a coworker "does not fall under the Eight Amendment and should be dismissed as frivolous.")

In the March 9, 2016 recommendation, the magistrate judge also recommended that the Court dismiss the deliberate-indifference claim against nurses Long and Shelton. Again, the Court finds those claims should be dismissed because, even assuming Begley's assertions are accurate, they do establish that any of the defendants were deliberately indifferent to his busted lip and broken tooth.

The Court also agrees with the magistrate judge's March 9, 2016 recommendation that the claims against nurses Long and Shelton should be dismissed because Begley did not make sufficient allegations against them in his amended complaint to state a deliberate-indifference claim. In his recommendation, the magistrate judge noted that Begley had made no relevant allegations against Shelton in the complaint at all. As to nurse Long, Begley had alleged only that she treated Begley's injuries immediately after the incident and then telephoned another nurse (nurse Loughran) to provide stitches to Begley's lip. These are not sufficient allegations to state a claim against either nurse.

For all of these reasons, the Court adopts the magistrate judge's March 9, 2016 report and recommendation (DE 40) as the opinion of the Court.

### C. August 8, 2016 Recommendation (DE 90)

In a report and recommendation entered August 8, 2016 (DE 90), the magistrate judge recommended that the claims against Lt. Gay, Officer Wampler, and nurse Loughran be dismissed because they were filed long past the one-year statute of limitations for claims under 42 U.S.C. § 1983 and do not relate back to the original complaint.

The altercation occurred on September 17, 2013. Begley filed this action on September 8, 2014 but at that time named only five defendants: Sgt. Tyree, Lt. Gay, Jailer Mosley, Laurel

County, and Deputy U.S. Marshal Tom Clay. He did not assert a claim against Officer Wampler or nurse Loughran until he moved to file an amended complaint on February 29, 2016. As to Lt. Gay, the original complaint named him as a defendant but asserted no claim against him, alleging only that Lt. Gay "advised Begley that his officer had acted in accordance with jail policy." Accordingly, in an opinion entered September 11, 2014 (DE 4, Opinion), this Court dismissed Lt. Gay as a defendant in this action. In his amended complaint, Begley again named Lt. Gay as a defendant and included new allegations against him, alleging that he refused to allow Begley to obtain further medical treatment and refused to investigate the use of force against Begley.

In his objections to the magistrate judge's recommendation, Begley argues that the statute of limitations for a § 1983 action is five years. It is well established, however, that, in Kentucky, the applicable statute of limitations for constitutional claims under 42 U.S.C. § 1983 is the state's one-year limitations period for personal injury actions. *Fox v. DeSoto*, 489 F.3d 227, 233 (6th Cir. 2007)

In his objections, Begley argues that his claims asserted in the amended complaint against these defendants "relate back" to the original complaint under Federal Rule of Civil Procedure 15(c) and, accordingly, are timely. "[T]he precedent of this circuit clearly holds that 'an amendment which adds a new party creates a new cause of action and there is no relation back to the original filing for purposes of limitations.'" *Asher v. Unarco Material Handling, Inc.*, 596 F.3d 313, 318 (6th Cir. 2010) (quoting *In re Kent Holland Die Casting & Plating, Inc.*, 928 F.2d 1448, 1449 (6th Cir.1991)). This is because Rule 15(c)(1)(B) "allows relation back of an amendment asserting a 'claim or defense,' but it does not authorize the relation back of an amendment adding a new *party*." *Id.* And Rule 15(c)(1)(C) permits only amendments that *change* a party or the naming of a party against whom a claim is already asserted where the plaintiff was mistaken regarding the party's identity. Fed. R. Civ. P.

6

15(c)(1)(C)(i), (ii); *Asher*, 596 F.3d at 318. *Id. See also Smith v. City of Akron*, 476 F. App'x 67, 69 (6th Cir. 2012).

Further, the Court agrees with the magistrate judge's conclusion that, even if a claim against a new defendant can "relate back" to the original complaint in some instances, the new claims asserted against Lt. Gay, Officer Wample, and nurse Loughran do not meet Rule 15(c)'s requirements. There is no evidence that any of these defendants received notice of the new claims against them within the Rule 4(m) time period as the rule requires. The fact that the county may have received notice of the claims against it does not equate to notice for these defendants of the new claims against them. Nor is there any evidence that any of these defendants knew or should have known that the claims asserted in the original complaint against other defendants would have instead been asserted against them if not for mistaken identity.

In his objections, Begley argues that the Court has already ruled that the new claims against Officer Wampler, Lt. Gay, and nurse Loughran are not time barred because he was permitted to file the amended complaint asserting the claims. This is incorrect. The magistrate judge permitted Begley to file the amended complaint but did not address whether the claims were barred by the statute of limitations.

For all these reasons, the Court adopts the August 8, 2016 recommendation as the Court's opinion.

Further, as to the excessive force claim against Lt. Gay, the amended complaint asserts only that he refused to investigate Begley's excessive force claim. Begley does not allege that Lt. Gay was personally involved in the alleged excessive force. For a § 1983 action against a supervisory official, a plaintiff must allege that the defendant was directly responsible for the alleged unconstitutional activity. *Dunn v. State of Tennessee*, 697 F.2d 121, 128 (6th Cir.1982). "What is required is a causal connection between the misconduct complained of

7

and the official sued." *Id*. Liability under § 1983 must be based on more than respondeat superior or the right to control employees. *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir.1999). "At a minimum a plaintiff must show that the official at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers." *Id*. at 300 (citations omitted). Thus, Begley's allegation that Lt. Gay failed to investigate the excessive force claim does not state a § 1983 claim.

### D. Motion to add Southern Health Partners (DE 97)

On November 18, 2016, Begley moved for leave to add an additional defendant to this action: Southern Health Partners, which allegedly is the entity that employs the medical staff that provides healthcare at the jail. The Court will deny this motion. The deadline for adding parties to this action has long passed (DE 27) and Begley does not establish "good cause" for extending that deadline as required by the Court's order. Further, for the reasons discussed above, any claim against this new defendant would not relate back to the original claim and would, accordingly, be futile. Moreover, as also discussed, any claim for deliberate indifference to healthcare needs would also be futile because Begley was provided medical treatment on at least three occasions for his busted lip and broken tooth.

### III. Conclusion

For all these reasons, the Court hereby ORDERS as follows:

1) the magistrate judge's recommendations of March 9, 2016 (DE 40), August 8, 2016 (DE 90), and September 14, 2016 (DE 96) are ADOPTED as the Court's opinions;

2) for the reasons stated in the recommendations and in this opinion:

    a. the motion to reconsider (DE 55) is DENIED;

    b. the motions to dismiss by defendant Wampler (DE 50), defendant Gay (DE 52), and defendant Loughran (DE 65) are GRANTED;

8

    c.  the motion for summary judgment by defendants Tyree, Mosley, and Laurel County (DE 46) is GRANTED;

    d.  the motion for clarification is GRANTED (DE 82) and the Court clarifies that Judge Executive David Westerfield is DISMISSED from this action; and

    e.  all claims asserted by Begley against all defendants in this action are DISMISSED with prejudice;

3) the motions for joinder (DE 86, 100) are GRANTED;

4) the motion to add a defendant (DE 97) is DENIED;

5) the following motions are DENIED as moot:

    a.  the motion to compel (DE 54);

    b.  the motion to strike (DE 64);

    c.  the motion to extend expert witness deadline (DE 67);

    d.  the motion for order (DE 68);

    e.  the motion to strike (DE 77);

    f.  the motion to extend discovery deadlines (DE 78);

    g.  the motion for joinder (DE 79);

    h.  the motion for clarification (DE 81);

    i.  the motion to submit a second set of interrogatories (DE 83);

    j.  the motion to stay discovery (DE 85);

    k.  the motion for protective order (DE 87);

    l.  the motion to extend discovery deadlines (DE 89); and

    m.  the motion to compel discovery (DE 93); and

6) The December 6, 2016 pretrial conference and the trial commencing January 9, 2017 are CANCELED.

Dated November 30, 2016.

*Karen K. Caldwell*

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY